(24 Civ. Proc. R. 304.)

### In re BLAIR'S WILL.

(Supreme Court, Special Term, New York County. March 25, 1895.)

APPEAL—STAY BOND—APPLICATION TO FIX AMOUNT.

On appeal from the general term of the supreme court to the court of appeals, where there is a dispute as to the character of the judgment appealed from, an application for an order fixing the amount of the undertaking to be given to obtain a stay should be made to the general term, as it depends on the character of the judgment whether such application should be made to the general term or the special term.

At chambers. In a proceeding for the probate of the will of Lewis R. Blair, deceased, a decree admitting the will to probate was reversed on appeal (32 N. Y. Supp. 845), and the executors, having appealed to the court of appeals, now move for an order fixing the amount of the undertaking to be given by them. Denied.

William Blair, for the motion.
Porter & Kilvert, opposed.

PATTERSON, J. This motion was made at the special term for an order fixing the amount of the undertaking to be given by the appellants upon appeal from a judgment of the general term to the court of appeals for the purpose of obtaining a stay of proceedings, and dispensing with an undertaking on the part of one of the appellants as executor. The question of practice presented is whether such motion should be made at the special term or general term. By section 1312 of the Code of Civil Procedure it is provided that the court in or from which the appeal is taken may limit the amount of, or dispense with, security in certain cases. By section 1327, which regulates appeals to the court of appeals, the kind of security to stay execution on a judgment for money is specified, and, as therein provided, the court may at any time afterwards, on satisfactory proof that the sum so fixed is insufficient in amount, make an order requiring the appellant to give a further undertaking. Where the judgment is for a chattel, or the delivery of personal property, the appellant must give an undertaking in a sum fixed by the court below or a judge thereof. By section 1330, what must be done upon an appeal from a judgment or order directing the execution of a conveyance is stated. And by the next section (1331) security to stay execution on a judgment for the possession of real property, when required, shall be in the form of an undertaking which, in addition to the other requirements, shall be in the sum "fixed by a judge of the court below." It will thus be noticed that the kind of undertaking or security to be given to obtain a stay will depend upon the character of the judgment. As to certain judgments, the court below, or the court to which the appeal is taken, may fix the terms of the security, and in some cases dispense with it; and in other cases

again, where it is a question of fixing the amount of security, not only the court below, but any judge thereof, has the power so to fix it. Without, therefore, passing upon the question of the right of the judge at special term in certain cases—such as appeals from money judgments—to determine the amount of security, I think that where, as here, there is a dispute as to the character of the judgment, and the appeal is from a judgment of the general term, the proper practice would be to have the application made to that branch of the court to fix the amount of the undertaking, and to determine whether one of the appellants, designated as an executor, has the right to appeal without giving any security. While it is true that the general term is the supreme court, or the same court as the one in which the special term judge sits, it is a different part thereof, and it would be unnecessarily burdening the special term to require it, or a judge of the court not a member of the general term, to construe the character and effect of the judgment appealed from. The general term, having rendered the judgment, is in the best position to determine its character and scope. I think, therefore, that the application should be made to the general term, and this motion is accordingly denied, with leave so to apply.